IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONIS JONES,

                Plaintiff,                OPINION AND ORDER

v.

                                                          14-cv-642-wmc

WARDEN TIM HAINES, *et al.*,

                Defendants.

---

      Adonis Jones, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed civil action pursuant to 42 U.S.C. § 1983 in which he alleges constitutional violations against numerous defendants employed by the Wisconsin Department of Corrections. He has since filed a proposed "supplement" to that complaint. (Dkt. #5). Since Jones has been granted leave to proceed *in forma pauperis* and he has made an initial partial payment of the filing fee. The next step would normally be for the court to screen Jones's complaint as required by 28 U.S.C. § 1915A. However, the court cannot yet conduct the required screening because Jones's complaint violates Rule 20 of the Federal Rules of Civil Procedure.

      Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As explained in more detail below, Jones's complaint contains at least three unrelated claims against different defendants. Accordingly, Jones must choose which lawsuit he wishes to pursue as Case No. 14-cv-642. Once Jones has made his selection, the court will then screen this action under 28 U.S.C. § 1915A. The

other, unrelated claims will be dismissed without prejudice to bringing them at another time provided the applicable statute of limitations has not expired.

ALLEGATIONS OF FACT[1]

**I.     Parties.**

Jones is confined at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. The defendants include the following individuals employed at that institution during the relevant period: Warden Tim Haines; Security Director Jerome Sweeney; Deputy Warden Hermanes; Officer Martin; Officer McDaniel; Captain Flannery; Sergeant Overbo; Lieutenant Tom; Lieutenant Shannon-Sharpe; and Sergeant Ritchner.

**II.    Alleged Harassment and Abuse Involving Officer Martin**

Defendant Officer Martin allegedly harassed and abused Jones on numerous occasions, sometimes in the presence of and even assistance of other defendants. In particular, Jones alleges that:

- From October 2012 through January 2013, Martin used "aggressive grips" on Jones's arms during escorts, "played" with his food trays and yanked on his clothing during pat-down searches.

- In March 2013, Martin called Jones a "stupid nigger" and told him he would "break [his] back."

- In May 2013, Martin moved Jones near another inmate so that the other inmate could spit at Jones. Officer Esser was also present.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Jones's complaint.

- On April 12, 2013, Martin sexually assaulted Jones during a pat-down search by "intentionally rubbing up against [his] genitals twice." Sergeant Ritchner was also present.

- On April 17, 2013, Martin threatened Jones during an escort, saying "yeah, you gone get yours just watch." Martin and Officer McDaniels slammed Jones against the door with "aggressive grips," injuring his shoulder joint and both wrists. The officers then cancelled Jones's recreation time for that day.

- On July 28, 2013, Martin banged and kicked Jones's cell, yelling for him to wake up for medication distribution, even though Jones was not scheduled to receive any medication that day.

- On October 15, 2013, Martin used an "aggressive grip" on Jones during an escort. Esser was also present. Jones asked Martin to loosen his grip, but Martin refused.

- On November 13, 2013, Martin and Esser arrived to escort Jones to a medical appointment. Martin refused to tell Jones which nurse he would be seeing and then claimed falsely that Jones was refusing to leave his cell. Martin then handcuffed Jones so tightly that it cut off blood circulation to his hands and caused him pain. Jones asked Martin and Esser five or six times to loosen the handcuffs, but they refused. Jones's wrists were cut and swollen as a result.

- In January 2014, Martin told Jones, "I got a gun and I know how to shoot, we can't fight in here I'll lose my job."

- On May 14, 2014, Martin opened the trap door to Jones's cell and asked, "How [is] my friend doing?" Jones responded that he was "about to sue him." Martin said "So?" After Jones commented that he had a release date coming up, Martin stated, "Out of all the places to die you gone wanna [sic] die at my place."

### III. Endorsement of Abuse and Failure to Protect Jones by Multiple Defendants

In light of this alleged conduct, Jones filed multiple requests with Warden Haines and Security Director Sweeney, asking that Officer Martin not be permitted to pat search or escort him. Jones also asked Sweeney to take him off a two-person escort restriction

so that Martin would not need to escort him. Haines and Sweeney denied all of those requests.

Jones's family has called Warden Haines, asking that Jones be transferred to another unit. Haines has never acknowledged Jones's family or taken measures to intervene on Jones's behalf. Deputy Warden Hermanes told Jones's family falsely that Jones had not been sexually assaulted.

On January 21, 2014, defendant Captain Flannery conducted an investigation of Jones's complaint regarding the incident that occurred on November 13, 2013, when Martin allegedly handcuffed Jones too tightly. Flannery did not review video from Jones's cell or hallway cameras and did not examine Jones's wrists for cuts and scars. Flannery also did not interview Officer Esser, who was present during the incident. Esser and Martin lied in their statements regarding the incident. As a result of Flannery's investigation, Jones was charged in a conduct report with lying about staff. Jones was found guilty following a due process hearing before defendant Lieutenant Shannon-Sharp. He was punished with 30 days' room confinement.

IV. Alleged Harassment on November 27, 2013, by Defendants Officers McDaniel, Sergeant Overbo and Lieutenant Tom

On November 27, 2013, during the 11:15 a.m. count, Jones was laying down in his cell watching a movie when "for no valid reason at all," Officer McDaniel allegedly began "banging on the cell door with his keys dramatically, outrageously and repeatedly while yelling [Jones's] name." Lieutenant Tom and Sergeant Overbo then joined McDaniel and began banging on his cell door and yelling at him. Lieutenant Tom then

4

threatened to get a taser and enter the cell if Jones did not get up and come to the cell door. Jones then told the officers that he intended to file a complaint for harassment without a valid reason. Allegedly for this, Jones received a conduct report and was given additional security restrictions for 16 days.

On December 13, 2013, a due process hearing was held on Jones's November 27 conduct report. Lieutenant Shannon-Sharp denied his request for witnesses and declined to review the footage from Jones's cell camera. After being found guilty, Jones received 120 days in disciplinary separation and a demotion in status. Jones appealed, but Warden Haines affirmed the decision.

V. Alleged Assault on Jones on March 9, 2014, by Officers Finnel and Brown-Lucas[2]

On March 9, 2014, Officer Finnell allegedly sexually assaulted Jones by touching his genitals twice during a pat-down search outside the law library. On that same date, Officer Brown-Lucas also is alleged to have improperly "caress[ed]" Jones's body during a pat-down search outside of his cell. Then, while escorting him to his cell from the law library after Jones told them he was going to file a complaint for sexual assault, both Finnell and Brown-Lucas allegedly physically assaulted him.

---

[2] These allegations are contained in a motion for a temporary restraining order that Jones filed in conjunction with his complaint. (Dkt. #5). The court denied that motion for failing to meet the criteria for relief found in Fed. R. Civ. P. 65. (Dkt. # 11). Because *pro se* pleadings are entitled to liberal construction, however, the court treats Jones's motion as a supplement to his complaint pursuant to Fed. R. Civ. P. 15(d).

OPINION

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Specifically, multiple defendants may not be joined in a single action unless (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If the requirements of Rule 20 are satisfied, then a plaintiff may join additional, unrelated claims against the defendants. Fed. R. Civ. P. 18(a).

Jones's complaint violates Rule 20 because it includes multiple claims about different events and different prison officials. Jones's allegations relate to at least three series of transactions that belong in at least three separate lawsuits consisting of the following allegations and claims:

**Lawsuit #1 for Abuse and Failure to Protect**:

- Officer Martin repeatedly harassed and abused him verbally, physically and sexually;

- Officer Esser and Officer McDaniels participated with Officer Martin in abusing Jones or, at least, failed to protect Jones from abuse by Martin;

- Warden Haines and Security Director Sweeney refused to separate Officer Martin from Jones, transfer Jones to another institution, or otherwise protect Jones from Martin's abuse;

- Deputy Warden Hermanes lied to Jones's family about this abuse; and

- Captain Flannery and Lieutenant Shannon-Sharp endorsed Officer Martin's abuse of Jones and violated Jones's due process rights during an investigation and hearing relating to Martin's abuse.

**Lawsuit #2 for November 27, 2013 Incident, Subsequent Conduct Report and Due Process Hearing:**

- Officer McDaniel, Sergeant Overbo and Lieutenant Tom harassed Jones for no reason, threatened him with a taser and then gave him a conduct report unfairly;

- Lieutenant Shannon-Sharp endorsed their behavior and violated Jones's due process rights at a hearing regarding the incident;

- Warden Haines affirmed Jones's punishment.

**Lawsuit #3 for Sexual and Physical Assaults:**

- Officer Finnell and Officer Brown-Lucas sexually and physically assaulted Jones on March 9, 2014.

Jones will have to choose which of these lawsuits he wants to pursue in this case. The court will apply the initial, partial payment Jones has made to only that one. That lawsuit will be the only lawsuit assigned to this case number.

Jones may also choose to pursue the other lawsuits as well, but must do so separately, paying a separate filing fee for each lawsuit he chooses to pursue. In addition, he may be subjected to a separate strike under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted. Once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Jones may choose to dismiss the other lawsuits. If he chooses the latter route, he will not owe an additional filing fee or face a strike for the lawsuits he dismisses. A lawsuit dismissed voluntarily would be dismissed without prejudice, so

Jones would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Jones should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, the court has not assessed the merits of the claims raised in any of the lawsuits identified above. Once Jones identifies the suit or suits he wants to continue to litigate, the court will screen the complaint as required under 28 U.S.C. § 1915A. Because Jones faces filing fees and potential strikes for each lawsuit pursued, he should consider carefully the merits and relative importance of each of his potential lawsuits before choosing to proceed with respect to some or all of them.

If Jones disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert (or included claims he did not intend to assert), Jones may raise those objections in his response, but he must still comply with this order and choose which of the three lawsuits he wishes to pursue. If he fails to do so, the court will dismiss all of his claims for his failure to prosecute the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Adonis Jones may have until **July 8, 2015,** to identify for the court whether he wishes to proceed with Lawsuit #1, Lawsuit #2, OR Lawsuit #3 under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under Case No. 14-cv-642-wmc.

2. Jones may have until **July 15, 2015,** to advise the court whether he wishes to pursue either of the other lawsuits under separate case numbers. Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

3. For any lawsuit Jones wishes to pursue, he will owe a separate filing fee and will be assessed an initial partial payment.

4. If Jones fails to respond to this order by **July 8, 2015,** the court will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute.

Entered this 18th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge