IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONIS JONES,

                Plaintiff,                    OPINION AND ORDER

   v.                                                      14-cv-642-wmc

WARDEN TIM HAINES, *et al.*,

                Defendants.

---

Plaintiff Adonis Jones has been permitted to proceed on his Eighth Amendment claims that (1) defendant Officer Martin used excessive force against him; and (2) defendants Officers Esser, Ritchner, McDaniels, Haines, Sweeney, Hermanes and Flannery failed to protect him. Defendants filed a Motion for Partial Summary Judgment seeking a judgment dismissing seven of plaintiff's claims due to his failure to exhaust his administrative remedies (dkt. #23), which will be granted. Plaintiff filed a Motion for Assistance in Recruiting Counsel (dkt. #27), which will also be granted. Finally, in light of the above, defendants' recently-filed motion to stay the dispositive deadline pending a decision on defendants' partial motion for summary judgment (dkt. #31) will be denied as moot.

UNDISPUTED FACTS

**I.**    **Jones' Complaint**

Jones is confined at the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin. The defendants include the following individuals employed at that institution during the relevant period: Warden Tim Haines; Security Director Jerome

Sweeney; Deputy Warden Hermanes; Officer Martin; Officer Esser; Officer McDaniel; Captain Flannery; and Sergeant Ritchner.

On November 24, 2015, the court granted Jones leave to proceed on his Eighth Amendment harassment and excessive force claims, based on the following allegations:

- Officer Martin unnecessarily used aggressively harsh grips on Jones from October 2012 through January 2013.

- Martin called Jones a "stupid nigger" and told him he would "break [his] back" in March 2013.

- Martin moved Jones near another inmate so that inmate could spit at Jones in May 2013, and Officer Esser was present and did nothing to intervene.

- Martin sexually assaulted Jones during a pat-down on April 12, 2013. Sergeant Ritchner was present and did nothing to intervene.

- Martin slammed Jones against a door on April 17, 2013, injuring his shoulder joint and wrist, and Officer McDaniel participated in slamming Jones against the door.

- Martin banged and kicked Jones' cell on July 28, 2013.

- On October 15, 2013, Martin used an "aggressive grip" on Jones during an escort, and Officer Esser was present and did nothing to intervene.

- Martin handcuffed Jones too tightly during an escort on November 13, 2013. Officer Esser participated in Martin's refusal to loosen the handcuffs.

- Martin told Jones "I got a gun and I know how to shoot, we can't fight in here I'll lose my job" in January 2014.

2

- On May 14, 2014, Martin opened Jones' cell door, and after Jones told him he was going to sue him, Martin replied "Out of all the places to die you gone wanna die at my place."

- Haines and Sweeney denied Jones' request that Martin not be permitted to pat down or escort him, but did nothing else to intervene. Haines never responded to Jones' family's phone calls asking for Jones to be transferred

- When Jones' family called with concerns about how Jones was being treated, Hermanes falsely told them that Jones had not been sexually assaulted.

- Flannery investigated Jones' complaints about Martin and lied during the conduct report hearing, ignoring the fact that he knew about Martin's use of force upon Jones.

II.   **Jones' Grievances**

Cindy O'Donnell is employed by the Wisconsin Department of Corrections as a Limited Term Employee Policy Initiatives Advisor. Pursuant to her duties, O'Donnell reviewed Jones' complaint history and concluded that he failed to file inmate complaints regarding six of his claims in his Complaint. Specifically, she reviewed the records of appeals of inmate complaints (*see* dkt. #25-1) and found that Jones had not filed inmate complaints with respect to the following allegations found in his complaint on which he was permitted to proceed:

1. From October 2012 through January 2013, Martin used "aggressive grips" on Jones during escorts, "played" with his food trays and yanked on his clothing during pat-searches.

2. In March 2013, Martin called Jones a "stupid nigger" and told him he would "break [his] back."

3. In May 2013 Martin moved Jones near another inmate so that inmate could spit at Jones, and Esser was present.

4. In January 2014, Martin told Jones "I got a gun and I know how to shoot, we can't fight in here I'll lose my job."

5. Jones' family called Haines about Martin's treatment, but Haines never acknowledged the requests and took no steps to intervene.

6. Hermanes falsely told Jones' family that Jones had not been sexually assaulted.

Further, O'Donnell states that her search revealed that on July 29, 2013, Jones *did* file Offender Complaint WSPF 2013-14767, complaining that Martin was harassing him. (Dkt. #25-2.) In that complaint, Jones alleged that on July 28, 2013, Martin banged and kicked Jones' cell, yelling for him to wake up for medication distribution, and Jones responded that he did not need medication. O'Donnell states that Inmate Complaint Examiner Ellen Ray investigated this complaint, ultimately concluding that Martin was following WSPF Policy 900.524.05 by waking Jones up. Ray found that because this policy required Martin to wake up Jones because it required Jones to verbally refuse the medication, Martin had not harassed Jones. As a result, Ray recommended that the complaint be dismissed on August 1, 2013. On August 9, 2013, Tim Haines accepted Ray's recommendation and dismissed WSPF 2013-14767. Finally, Jones did not appeal this decision to the CCE's office.

OPINION

I. Exhaustion of Eighth Amendment Claims

Defendants contend that since Jones did not properly pursue administratively any of the six claims described above, nor properly exhaust the seventh claim, all seven are subject to dismissal. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To comply with § 1997e(a), generally a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code ch. DOC 310. These procedures include, among others, the requirements that the inmate (1) file complaint with the Inmate Complaint Examiner within 14 calendar days after the occurrence giving rise to the complaint (Wis. Admin. Code § DOC 310.09) and (2) file an appeal to the Corrections Complaint Examiner within 10 days of an unfavorable result (Wis. Admin. Code §§ 310.13(1), (7), 310.14(2)). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without

5

litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case.  *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Here, the undisputed facts show that, as to six of the claims that Jones included in his complaint, he did not even attempt to seek relief in the prison system by filing a grievance, much less follow these claims through the necessary appeals.  As to the seventh claim, although Jones did file a complaint about Martin's July 28, 2013, harassment (WSPF 2013-14767), he did not appeal that decision as required under Wisconsin's administrative code.

Jones does not dispute these basic facts with respect to any of these seven claims. Instead, he submitted 66 pages of portions of inmate complaints and appeals that he *has* pursued at WSPF.  (*See* dkt. #26.)  Since none of these documents show that Jones even filed a grievance as to the first six claims, nor that he pursued an appeal related to the seventh claim, WSPF 2013-14767, summary judgment in defendants' favor is appropriate as to the following seven claims, which are dismissed:

1. In October 2012 and March 2013, Martin used "aggressive grips" on Jones during escorts, "played" with his food trays and yanked on his clothing during pat-searches.

2. In March 2013, Martin called Jones a "stupid nigger" and told him he would "break [his] back."

3. In May 2013 Martin moved Jones near another inmate so that inmate could spit at Jones, and Esser was present.

6

4. In January 2014, Martin told Jones "I got a gun and I know how to shoot, we can't fight in here I'll lose my job."

5. Jones' family called Haines about Martin's treatment, but Haines never acknowledged the requests and took no steps to intervene.

6. Hermanes falsely told Jones' family that Jones had not been sexually assaulted.

7. Martin harassed Jones on July 28, 2013, by kicking at his cell and yelling at Jones that he needed to take his medications.

As the only claim implicating defendant Hermanes is being dismissed, this defendant will likewise be dismissed. To be clear, defendants sought summary judgment on the ground that these allegations constitute claims. Although these *claims* are being dismissed, the court makes no judgment as to the relevance of these *allegations* to plaintiffs' remaining claims. For instance, one remaining claim is that Martin harassed plaintiff, which may be factually related to the dismissed harassment claims, all of which could be relevant to the determination of whether Martin's harassment amounted to an Eighth Amendment violation.[1] Accordingly, while plaintiff may not obtain relief on the above allegations as independent claims, this opinion should not be construed as an evidentiary bar on evidence related to these unexhausted claims for purposes of summary judgment or trial.

---

[1] Specifically, plaintiff's claim that on May 14, 2014, Martin told him that he would die in "this place" was exhausted. This complaint was labeled WSPF 2014-9635 and was received by ICE on May 16, 2014. However, in one of the hand-written pages Jones submitted during the grievance process with respect to this complaint, he references his "past history" with Martin, including Martin's threats to break his back, shoot him and fight him. (Dkt. #26, at 8.) Although those prior harassment claims were not exhausted, Jones appears to be referencing those previous instances as evidence of the fact that he was telling the truth with respect to WSPF 2014-9635, and to establish a prior history of Martin's harassment. Thus, it *may* be that the facts comprising certain unexhausted claims are admissible as relevant to other exhausted claims.

This means that the following substantive claims of violations of plaintiff's Eighth Amendment rights remain:

- On October 15, 2013, Martin used an "aggressive grip" on Jones during an escort, and Officer Esser was present and did nothing to intervene.

- Martin sexually assaulted Jones during a pat-down on April 12, 2013. Sergeant Ritchner was present and did nothing to intervene.

- Martin slammed Jones against a door on April 17, 2013, injuring his shoulder joint and wrist, and Officer McDaniel participated in slamming Jones against the door.

- Martin handcuffed Jones too tightly during an escort on November 13, 2013. Officer Esser participated in Martin's refusal to loosen the handcuffs.

- On May 14, 2014, Martin opened Jones' cell door, and after Jones told him he was going to sue him, Martin replied "Out of all the places to die you gone wanna die at my place."

- Haines and Sweeney denied Jones' request that Martin not be permitted to pat down or escort him, but both denied his requests and did nothing else to intervene.

- Haines failed to respond to Jones' family's requests that Jones be transferred.

- Flannery investigated Jones' complaints about Martin and lied during the conduct report hearing, ignoring the fact that he knew about Martin's use of force upon Jones.

## II. Motion for Assistance in Recruiting Counsel

Before a district court can consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that they were unsuccessful, or that he was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down, or if such letters do not exist, an affidavit with the names, addresses and dates when he requested their assistance. Jones has attached five letters from attorneys declining to represent him, so he has easily fulfilled this initial requirement.

The next question is whether litigating this lawsuit exceeds Jones' capabilities. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself"). In his motion, Jones indicates that his imprisonment and placement in segregation greatly limit his ability to access the law library, and he believes that the issues in this case are too complex for him to properly litigate them. Since filing his motion, he also filed a supplement that represents he has been unsuccessful in his attempts to comprehend the procedural rules and that he has not been able to find another inmate able to assist him. Based on the record in this case to date, the court finds these representations to be credible.

Although his request for counsel was clearly written, Jones explains that he submitted it with the help of another inmate. Jones' other filings in this court demonstrate that he cannot advocate for himself. His initial complaint violated Fed. R. Civ. P. 20 and required him to inform the court which claim he would like to proceed on. His summary judgment response similarly indicates that he does not understand how to respond effectively to a dispositive motion. Indeed, instead of submitting an opposition brief or any evidence in opposition to defendants' brief, Jones merely submitted documents related to his inmate complaints. At best, his response indicates an understanding that he needed to submit proof that he exhausted his claims, but an inability to provide any sort of advocacy.

While the court was able to parse out the correct result on the issue of exhaustion, based on Jones' and the defendants' filings, his filings leave the court with little confidence in Jones' ability to engage in discovery, respond to a dispositive motion on the merits of his procedurally viable claims, or effectively handle witness testimony at trial without the help of an attorney. This is especially so given that plaintiff's Eighth Amendment claims arise from a multitude of allegations that will require him to prepare and cross-examine witnesses. Accordingly, the court will grant his request for assistance in recruiting counsel.

ORDER

IT IS ORDERED that:

1. Defendants' Motion for Partial Summary Judgment (dkt. #23) is GRANTED, and defendant Hermanes is hereby DISMISSED as a defendant.

2. Plaintiff's Motion for Assistance in Recruiting Counsel (dkt. #27) is GRANTED. This matter is STAYED until the court recruits counsel for plaintiff, at which point the court will schedule a telephonic conference.

3. Defendants' Motion To Stay The Dispositive Deadline Pending A Decision On Defendants' Partial Motion For Summary Judgment (dkt. #31) is DENIED as moot.

Entered this 27th day of September, 2016.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              WILLIAM M. CONLEY
                                              District Judge