IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONIS JONES,

                      Plaintiff,

    v.

WARDEN TIM HAINES *et al.*,

                      Defendants.

ORDER

14-cv-642-wmc

---

      Plaintiff Adonis Jones is proceeding in this civil action pursuant to 42 U.S.C. § 1983, on claims that (1) defendant Officer Martin used excessive force against him; and (2) defendants Officers Esser, Ritchner, McDaniels, Haines, Sweeney, and Flannery failed to protect him. At plaintiff's request, the court recruited counsel Sarah Sargent of the law firm of Reinhart Boerner Van Deuren in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

      The next step is for the court to hold a status conference to reset the calendar in this case. Plaintiff is no longer incarcerated and may be reached at 4208 West Villard Ave. Apt. #1, Milwaukee, WI 53209, (414) 892-1714. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in late August as the court's schedule allows.

      Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they

take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at her direction, and must permit her to exercise her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end her representation, but he should be aware that it is highly unlikely that the court will recruit a second attorney to represent him.

## ORDER

IT IS ORDERED that the clerk's office enter Sarah Sargent of the law firm of Reinhart Boerner Van Deuren as plaintiff's *pro bono* counsel of record and to set this case for a status conference in late August as the court's schedule allows.

Entered this 25th day of July, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge